IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ESHED ALSTON,                    :
                                 :
        Plaintiff,                :
                                 :
    v.                           : Civil Action No. 17-652-LPS
                                 : Superior Court of the State of
VERIZON and ELAINE BUCCI,        : Delaware in and for Kent County
                                 : C.A. No.K17C-05-00003 TBD
        Defendants.              :

---

EShed Alston, Dover, Delaware, Pro Se Plaintiff.

Mary E. Sherlock, Esquire, Weber Gallagher Simpson Stapleton Fires & Newby LLP, Dover, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

March 12, 2018
Wilmington, Delaware

*[signature]*

**STARK, U.S. District Judge:**

## I.       INTRODUCTION

Plaintiff EShed Alston ("Plaintiff"), who proceeds *pro se*, filed this action on May 2, 2017, in the Superior Court of the State of Delaware in and for Kent County, *Alston v. Verizon*, C.A. No. K17C-05-00003 TBD. (D.I. 1) Defendants removed the matter to this Court on May 30, 2017. Currently pending are several motions filed by the parties including Defendants' motion to dismiss and Plaintiff's combined motion for summary judgment and motion to remand, third discovery motion, two motions for recusal, and a motion to expedite. (D.I. 3, 6, 14, 19, 24, 37) For the reasons discussed below, the Court will grant Defendants' motion to dismiss, decline to exercise jurisdiction over the supplemental state claims, and remand the case to the Superior Court of the State of Delaware in and for Kent County.

## II.       RECUSAL

In light of Plaintiff's challenge to the Court's impartiality, the Court will first consider Plaintiff's motions for recusal. (D.I. 19, 24) Plaintiff seeks the undersigned's recusal asserting racial bias and claiming that the undersigned failed to order an audit or require Defendant Verizon Delaware LLC ("Verizon") (improperly pled as Verizon) to produce any evidence at all. (D.I. 19) In addition, he takes exception to an order entered on October 13, 2017 denying his motion for an escrow account. (D.I. 24) Finally, Plaintiff references rulings made by a judge, other than the undersigned, in a different case.

The "decision of whether to recuse from hearing a matter lies within the sound discretion of the trial court judge." *United States v. Wilensky*, 757 F.2d 594, 599-600 (3d Cir. 1985). The statutes that address judicial recusal are 28 U.S.C. § 144 and 28 U.S.C. § 455. Neither of these statutes provides a basis for recusal where a party is simply displeased with the court's legal rulings. *See Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000).

1

Under 28 U.S.C. § 144, recusal must occur "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. A "substantial burden is imposed on the party filing an affidavit of prejudice to demonstrate that the judge is not impartial." *Sharp v. Johnson*, 2007 WL 3034024, at *1 (W.D. Pa. Oct. 15, 2007). In an affidavit of bias, the affiant has the burden of making a threefold showing: (1) the facts must be material and stated with particularity; (2) the facts must be such that, if true, they would convince a reasonable person that a bias exists; and (3) the facts must show that the bias is personal, as opposed to judicial, in nature. *See United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973); *Pi-Net Int'l, Inc. v. Citizens Fin. Group, Inc.*, 2015 WL 1283196, at *6 (D. Del. Mar. 18, 2015).

Section 455(a) provides, in pertinent part, that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 296 (3d Cir. 2004) (citation omitted).

In his declaration and sworn statement, Plaintiff states that the undersigned failed to audit an account, deliberately misspelled his name, and is "Verizon's aiding and abetting advocate." (D.I. 24 at 9) The statement also refers to an ongoing appeal before the Supreme Court of the State of Delaware. Plaintiff's motion contains basically the same information, and also attributes racial discrimination as the motive for alleged actions he perceives to have been taken against him.

Upon evaluation of Plaintiff's affidavit and motions for recusal, the undersigned finds no basis from which to conclude that the Court has a personal bias or prejudice against Plaintiff or in favor or any defendant to warrant recusal under 28 U.S.C. § 144. Of note, Plaintiff has failed to

2

carry his burden of making the threefold showing as to (1) specific facts (2) that would convince a reasonable person that a bias exists and (3) that the bias was personal as opposed to judicial in nature. *See Thompson*, 483 F.2d at 528. To the contrary, Plaintiff has presented conclusory and broad statements premised entirely on conjecture.

Further, recusal under 28 U.S.C. § 455 is unwarranted because Plaintiff's allegations do not implicate any evidence from which a reasonable person with knowledge of all the facts would question the Court's impartiality. *See In re Kensington*, 368 F. 3d at 296. Plaintiff refers to the October 13, 2017 order (D.I. 22) that denied his motion for an escrow account. The record reflects the order was based on legal precedent and not bias, prejudice, or animus. In addition, the motion was denied without prejudice, giving Plaintiff the option of renewing the motion at a later time. Plaintiff's dissatisfaction with the Court's prior decision is an insufficient basis for recusal. *See Securacomm Consulting, Inc.*, 224 F.3d at 278. Finally, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Accordingly and for the above reasons, the Court will deny Plaintiff's requests for recusal. (D.I. 19, 24)

### III. BACKGROUND

This appears to be a billing dispute between Plaintiff and Verizon. Plaintiff's Complaint alleges that Verizon's agents made verbal promises to him, and that Verizon breached the verbal contract. (D.I. 1-1 at 2) The Complaint refers to consumer fraud and alleges that "Verizon's honesty integrity and business and/or billing practices are specifically called into question appearing to be fraudulent actions." (*Id.*) The Complaint invokes the Fair Debt Collection Practices Act

3

("FDCPA"), alleging that "the unfair fabricated alleged debt unilaterally created by Verizon is contested." (*Id.* at 3) Plaintiff takes exception to the bills he has received from Verizon. (*Id.*) Plaintiff seeks damages as well as fees and costs.

## IV. MOTION TO DISMISS

Defendants move to dismiss the claims raised under the FDCPA, 15 U.S.C. § 1692 *et seq.*, pursuant to Rule 12(b)(6) for failure to state a claim. (D.I. 3) Plaintiff opposes, stating that his primary claim is consumer fraud and his secondary claim is under the FDCPA. (D.I. 4, 5)

### A. Legal Standards

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material factual allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550

4

U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

**B.     FDCPA**

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e. "The statute contains a nonexhaustive list of conduct that violates § 1692e...." *Simon v. FIA Card Serv. NA*, 639 F. App'x 885, 888 (3d Cir. Feb. 17, 2016). A debt collector is in violation of the FDCPA if he or she uses "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

The FDCPA is broadly construed in order to give full effect to its purposes. *See Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006). "To prevail on a FDCPA claim, a plaintiff must

5

prove that: (1) he is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

### C. Discussion

Defendants move for dismissal on the grounds that the Complaint does not state a cognizable FDCPA claim. More particularly, they argue that the Complaint fails to allege they are debt collectors as defined by the FDCPA and, in particular, note that Verizon is an original creditor. As a result, any alleged communications with Plaintiff were made in an attempt to collect its own debt.

The provisions of the FDCPA generally apply only to "debt collectors." *See Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000). The Act defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

"Creditors -- as opposed to "debt collectors" -- Generally are not subject to the FDCPA." *Id.* (citing *Aubert v. American Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998) ("Creditors who collect in their own name and whose principal business is not debt collection . . . are not subject to the Act. . . . Because creditors are generally presumed to restrain their abusive collection practices out of a desire to protect their corporate goodwill, their debt collection activities are not subject to the Act unless they collect under a name other than their own.")). The allegations in the Complaint lead to no conclusion other than that Verizon is a creditor attempting to collect its own debt. As a result,

Plaintiff's FDCPA claim fails as a matter of law. Therefore, the Court will grant Defendants' motion to dismiss the claim.

## V. SUPPLEMENTAL JURISDICTION

Plaintiff seeks remand of this matter to the Superior Court. (D.I. 6) His motion will be denied; however, the Court will remand this matter for the following reasons. As discussed above, the Court will grant Defendants' motion to dismiss the FDCPA claims. Because the FDCPA claim will be dismissed, the Court does not have jurisdiction under 28 U.S.C. § 1331. Nor does the Court have jurisdiction under 28 U.S.C. § 1332. While Defendants are citizens are citizens of different states, the amount in controversy does not exceed the sum or value of $75,000. *See* 28 U.S.C. § 1332(a). The Complaint seeks "additional monetary damages of $3500."

While not discussed by Defendants, the Complaint also contains a consumer fraud claim that appears to have been raised under State law. Plaintiff refers to this claim as his primary claim. The Court may decline to exercise jurisdiction over the supplemental state law claim when it has dismissed all claims over which is has original jurisdiction. *See* 28 U.S.C. § 1367. The Court will remand the matter to the Superior Court of the State of Delaware in and for Kent County to handle Plaintiff's primary claim. *See e.g., Borough of W. Mifflin*, 45 F.3d 780, 788 (3d Cir. 1995) ("[W]e believe that in a case that has been removed from a state court, a remand to that court is a viable alternative to a dismissal without prejudice.").

## VI. CONCLUSION

For the above reasons, the Court will: (1) grant Defendants' motion to dismiss (D.I. 3); (2) deny Plaintiff's motion to remand and motions for recusal (D.I. 6, 19, 24); (3) deny all remaining motions as moot (D.I. 6, 14, 37); and (4) remand this matter to the Superior Court of the State of Delaware in and for Kent County.

An appropriate Order will be entered.