**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ESHED ALSTON, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 17-652-LPS |
| | : Superior Court of the State of |
| VERIZON and ELAINE BUCCI, | : Delaware in and for Kent County |
| | : C.A. No.K17C-05-00003 TBD |
| Defendants. | : |

**MEMORANDUM**

1. **Introduction.** Plaintiff EShed Alston ("Plaintiff"), who proceeds *pro se*, filed this action on May 2, 2017, in the Superior Court of the State of Delaware in and for Kent County, *Alston v. Verizon*, C.A. No. K17C-05-00003 TBD. (D.I. 1) Defendants removed the matter to this Court on May 30, 2017. On March 12, 2018, the Court granted Defendants' motion to dismiss, declined to exercise jurisdiction over the supplemental state claims, and remanded the case to the Superior Court of the State of Delaware in and for Kent County. (D.I. 42, 43) Plaintiff moves for reargument. (D.I. 45) The Court construes the filing as a motion for reconsideration.

2. **Motion for Reconsideration.** Plaintiff moves for reconsideration claiming "mitigating extenuating circumstances are at issue circumstantially." (D.I. 45) Plaintiff asserts that a notice from the Delaware Supreme Court granting a motion for reargument in *Alston v. Administrative Office of the Courts*, No. 366, 2017 (Del.) (C.A. No. K17C-05-004) is a material evidentiary exhibit. (*Id.*)

3. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to

correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

4. Plaintiff appears to seek reconsideration based upon the granting of reargument in *Alston v. Administrative Office of the Courts*, No. 366, 2017 (Del.). Plaintiff seems to indicate that his attention was focused on the Delaware Supreme Court case. In addition, while far from clear, the motion seems to discuss process of service in three other cases: *Alston v. Sessions*, *Alston v. Department of Justice*, and *Alston v. Department of Education.* Plaintiff's motion fails on the merits because he has not set forth any intervening changes in the controlling law; new evidence; or clear errors of law or fact made by the Court in its March 12, 2018 order that would warrant granting reconsideration. *See Max's Seafood Café*, 176 F.3d at 677. In addition, the Court has once again considered the filings of the parties and the evidence of record. Plaintiff has failed to demonstrate any of the aforementioned grounds to warrant a reconsideration. (D.I. 45)

5. **Conclusion**. The Court will deny the motion for reconsideration. (D.I. 45) An appropriate order will be entered.

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

June 11, 2018
Wilmington, Delaware